```
                                                    FILED
                                               U.S. DISTRICT COURT
                                               DISTRICT OF KANSAS
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS     06 AUG 30 P3:49

| | |
|---|---|
| UNITED STATES OF AMERICA, | } |
| Plaintiff, | } |
| v. | } No. 06-10178-01-WEB |
| BOB EISEL POWDER COATINGS, INC., | } |
| Defendant. | } |

## PLEA AGREEMENT

The United States of America, by and through Eric F. Melgren, Untied States Attorney, District of Kansas, and Brent I. Anderson, assistant U.S. attorney, and Bob Eisel Powder Coatings, Inc., the defendant, by and through its owner and president, Bob Eisel, and its counsel, David J. Massa, hereby enters into the following plea agreement pursuant to Rule 11(c)(1)(a) and (b) of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant corporation agrees to waive indictment in writing and, through its authorized representatives, to plead guilty to Count 1 of the Superseding Information, which charges a violation of Title 18, United States Code, § 1001(a)(3), that is, false written statement to the government. By entering into this plea agreement, the defendant corporation admits to knowingly

committing this offense, and to being guilty of this offense. The defendant corporation hereby acknowleges that the maximum sentence which may be imposed as to Count 1 of the Superseding Information to which the defendant has agreed to plead guilty is a fine of $500,000, as authorized by 18 U.S.C. §§ 3551(c) and 3571(a). The United States agrees that at the time of sentencing it will move for dismissal of the Indictment.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

> On June 17, 2002; June 23, 2003; June 14, 2004; and June 11, 2005, the defendant, Bob Eisel Powder Coatings, Inc., in concert with co-defendants Eisel, Steinert and Hook, caused to be made material false statements, under oath, to the United States government in connection with the employment of Francisco Javier Avila-Garcia, known at work as "Poncho." The materially false written statements were made in Wichita, Kansas, on Department of Justice I-9 Employment Eligibility verification forms in which the general manager of Bob Eisel Powder Coatings, Inc., Kenric "Butch" Steinert, acting with the knowledge and authority of the company and its owner and president, Bob Eisel, falsely certified on the I-9 forms that Poncho had presented genuine documents to employed at the company and that Poncho was eligible to work in the United States, when the defendant company knew that the documents presented by Poncho on each of the four dates listed above were not genuine as to Poncho and that Poncho was an illegal alien from Mexico who was not eligible to be employed in the United States. Starting in 2002, the company had received letters from the Social Security Administration indicating that certain Social Security account numbers, including numbers being used by Poncho, appeared to be being used improperly, prompting the company to take steps to re-employ employees under newly-obtained identities. On several occasions, the defendants provided cash to Poncho so that he could purchase false

2

documents for himself and others including Social Security cards and Resident Alien cards. In Poncho's case, when he obtained new false identities, he would be "re-" employed at the company under the new false identity. As part of that process, on behalf of the company, Steinert made the false I-9 certifications on the dates listed above. Such certifications are material because the Department of Justice and the Department of Homeland Security rely upon them in administering the statutorily created I-9 program, which is specifically designed to deter and prevent people like Poncho from being unlawfully employed within the United States.

3. **Application of the Sentencing Guidelines.** The parties request that the United States Sentencing Guidelines (Guidelines) be applied by the Court to calculate the applicable sentence in this case and that a sentence consistent with the Guidelines be imposed by the Court. The defendant further waives any right to have facts that determine the offense level under the Guidelines alleged in an indictment and found by a jury beyond a reasonable doubt; agrees that facts that determine the offense level will be found by the Court at sentencing by a preponderance of the evidence and agrees that the Court may consider any reliable evidence, including hearsay; and the defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The parties further agree to request a sentence within the guideline range determined to be appropriate by the U.S. Probation Department.

4. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

a. To not file any additional charges against the defendant corporation arising out of the facts forming the basis for the present indictment and superseding information;

b. To recommend the agreed sentence of a $175,000 fine.

c. To recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, if the defendant's offense level is 16 or greater, the United States will move at the time of sentencing for the defendant to receive an additional one (1) level reduction for acceptance of responsibility because the defendant timely notified the government of its intention to enter a plea of guilty.

d. To not request an upward departure from the applicable sentencing guideline range if the defendant agrees not to request a downward departure;

e. To stipulate that none of the specific offense characteristics of U.S.S.G. §2B1.1(b) are (c) applicable.

The government's obligation concerning its agreements listed in ¶ 4 are contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States. If the defendant denies or gives conflicting statements as to its involvement, falsely denies or frivolously contests relevant conduct that the court determines to be true, willfully obstructs or impedes the administration of justice as defined in U.S.S.G. § 3C1.1 (or willfully attempts to do so), or engages in additional criminal conduct, the United States reserves the right to withdraw all of its recommendations without breaching this agreement.

In the event the defendant breaches or violates this plea agreement or otherwise fails to adhere to its terms, the United States shall not be bound by this paragraph and may pursue any additional charges arising from the criminal activity under investigation as well as any perjury, false statement, or obstruction of justice charges which may have occurred. The defendant understands and agrees that in the event the defendant violates this plea agreement, all statements made by the defendant subsequent to the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against the defendant in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements made by the defendant subsequent to this plea agreement.

5.  **Sentence to be Determined by the Court.**  The defendant corporation understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence the defendant will receive.

6.  **Withdrawal of Plea Not Permitted.**  The defendant understands that if the court accepts this plea agreement but imposes a sentence with which the

defendant does not agree, the defendant will not be permitted to withdraw this plea of guilty.

    **7. Payment of Special Assessment.** The defendant corporation understands that a mandatory special assessment of $400 per count of conviction will be entered against the defendant at the time of sentencing, as directed by 18 U.S.C. § 3013(a)(2)(B). The defendant corporation agrees to deliver payment to the clerk of the court in the appropriate amount no later than the day of plea. If the defendant fails to make full payment of the special assessment the United States will no longer be bound by the provisions contained in Section 4(b) of this agreement

    **8. Payment of Agreed-Upon Fine.** As an integral part of this plea agreement, the defendant corporation specifically agrees to jointly recommend with the United States that the Court impose a fine herein in the amount of $175,000 as the appropriate sentence in this case. The defendant also agrees to pay the fine within 30 days after the date of sentencing. Failure to pay the fine within 30 days after the date of sentencing is a material breach of this agreement and United States may move, without opposition from the defendant, to set aside the guilty plea and sentence herein if the defendant fails to pay the fine as agreed and, furthermore, may pursue any additional charges arising from the criminal activity investigated in this case.

9. **<u>Waiver of Appeal and Collateral Attack.</u>** Defendant corporation knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

10. **Waiver of FOIA Request.** The defendant corporation waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552, or the Privacy Act of 1974, Title 5, U.S.C. § 552a.

11. **Waiver of Claim for Attorney's Fees.** The defendant waives all claims under the Hyde Amendment, Title 18, U.S.C. § 3006A, for attorneys fees and other litigation expenses arising out of the investigation or prosecution of this matter.

12. **Full Disclosure by United States.** The defendant understands the United States will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty. The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case,

subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

13.  **Parties to the Agreement.**  The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

14.  **No Other Agreements.**  The defendant corporation has had sufficient time to consider this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that it understands the plea agreement and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties.

The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

_Brent I. Anderson_     Date: 8/30/06
Brent I. Anderson
Assistant U.S. Attorney

_Brent I. Anderson for_     Date: 8/30/06
Lanny Welch
Criminal Chief/Supervisor

_Bob Eisel PCs_     Date: 8/30/06
Bob Eisel Powder Coatings, Inc,
Defendant
By: Bob Eisel, Owner and President

_D. Massa_     Date: 8/30/06
David J. Massa
Attorney for Defendant Bob Eisel Powder Coatings, Inc.

10