IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-10178 -01, -02, -03-WEB |
| ) | |
| BOB EISEL POWDER COATINGS, INC., ) | |
| BOB EISEL, and ) | |
| KENRIC "BUTCH" STEINERT, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**Memorandum and Order**

This matter came before the court on the defendant's objections to the Presentence Report. The court ruled orally on the objections at the sentencing hearing of November 13, 2006. This written memorandum will supplement the court's oral rulings.

A. *Defendant Bob Eisel's Objections*:

1. Defendant Bob Eisel first objects to the enhancement in his offense level under USSG § 2B1.1(b)(10)(C)(ii). Such an enhancement applies if the offense involved the possession of five or more means of identification "that unlawfully were produced from, or obtained by the use of, another means of identification...." The Government stipulated in its plea agreement with the defendant that this enhancement does not apply, and both parties argue there is no evidence to support it.

The court notes there is a possible basis for the enhancement identified in the Presentence Report. The Report indicates that multiple forms of identification -- including social security cards, resident alien cards, and driver's licenses -- were procured for some of defendant's employees. The

Report does not disclose whether a particular "means of identification" -- such as the social security number of an actual person -- was used in multiple documents. If it was, the enhancement might be warranted. *See e.g., United States v. Melendrez*, 389 F.3d 829, 833-34 (9th Cir. 2004). Inasmuch as the Government concedes it has no proof to support the enhancement, however, the court will sustain this objection. Without this enhancement, the defendant's adjusted offense level is 7, and the guideline range for imprisonment becomes 0 to 6 months.

2. Defendant's Eisel's second objection concerns the 3-level increase under USSG § 3B1.1(b) for being a manager or supervisor of a criminal activity involving five or more participants. Defendant argues the offense of conviction involved only three participants -- namely, he, Mr. Steinert, and their employee known as "Poncho." Moreover, he argues there is no evidence that he exercised any supervision or control over Poncho, and he points out that he did not tell Poncho or any other employee where to get identification cards or how to get them.

Section 3B1.1 makes clear that the defendant's role in the offense is to be determined on the basis of all "relevant conduct," not just the count of conviction to which he pled guilty. As the court explained to the defendant before he pled guilty, relevant conduct can include counts to which he has not pled guilty or been convicted. In this instance, the guidelines direct the court is to consider as relevant conduct all the conduct of the defendants that was taken in furtherance of their jointly undertaken criminal activity, as well as the conduct that was part of the same course of conduct as the offense to which defendant pled guilty. *See* USSG 1B1.3(a). The uncontested facts in the Presentence Report show that the defendant either provided money or authorized the payment of money to numerous employees so they could purchase fraudulent identification documents. Thus, the criminal activity involved more than 5 persons or was "otherwise extensive." Moreover, the

defendant's admissions and the uncontested facts show that he had knowledge of and authorized Mr. Steinert's efforts to enable the employees to obtain the fraudulent documents. The fact that the defendant did not specifically direct the employees where to go or how to get the documents does not prevent him from being considered a manager of the criminal activity. The defendant and Mr. Steinert authorized the employees to engage in this conduct, and the facts show that they did so with knowledge that the employees would procure fraudulent identification. The defendant was instrumental in arranging this scheme and in providing the means for it to happen. The court concludes that the 3-level enhancement for being a manager or supervisor of the criminal activity is warranted. Defendant's second objection is therefore denied.

      B. *Defendant Kenric Steinert's Objection*.

Defendant Steinert likewise objects to the PSR's application of the enhancement under USSG 2B1.1(b)(10)(C)(ii). For the same reasons previously stated -- including the fact that the Government concedes this enhancement should not apply -- the court will sustain the objection. Without the enhancement, the defendant's adjusted offense level is 7, and the advisory guideline range for imprisonment becomes 0 to 6 months.

      C. *Imposition of Fines*.

At the sentencing hearing, the court initially announced a tentative sentence that included fines of $50,000 and $25,000, respectively, for Mr. Eisel and Mr. Steinert. In imposing the actual sentence, however, the court stated that the fines would be $25,000 and $10,000. When counsel for the government subsequently pointed out the discrepancy, the court reiterated that fines of $50,000 and $25,000 should be imposed. This statement, however, was based upon the court's erroneous belief that the latter figures represented the amounts agreed to by the parties in their plea

agreements. A review of the agreements shows that the parties jointly agreed to recommend imposition of fines of $25,000 and $10,000, respectively, for Mr. Eisel and Mr. Steinert. The court's intent at sentencing was to adopt the recommendations of the plea agreement. Accordingly, the judgment will reflect imposition of a $25,000 fine for defendant Bob Eisel and a $10,000 fine for defendant Kenric Steinert, in addition to the fine of $175,000 on defendant Bob Eisel Powder Coatings, Inc.

*Conclusion*.

The defendants' objections to the Presentence Report are GRANTED IN PART and DENIED IN PART as set forth above. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

IT IS SO ORDERED this   14th    Day of November, 2006, at Wichita, Ks.

                                              s/Wesley E. Brown

                                              Wesley E. Brown
                                              U.S. Senior District Judge